787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 MAXINE A. KRENSELEWSKI, Plaintiff-Appellant,
v.
W.E. WALL, INC., AND UNITED STEELWORKERS OF AMERICA, LOCAL
UNION 12075, Defendants-Appellees.
 
 85-1085
 United States Court of Appeals, Sixth Circuit.
 3/11/86
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the summary judgment for defendants. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this hybrid action under section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. Sec. 185, against her employer, W.E. Wall, Inc., and the Union, alleging wrongful discharge and unfair representation. Plaintiff was discharged by W.E. Wall, Inc. (the Company) on June 6, 1980. She filed a grievance with the Union on June 11, 1980. The Union collective bargaining committee negotiated a settlement agreement with the Company and presented it to plaintiff on June 19, 1980. Plaintiff rejected the proposed agreement on June 27, 1980. Nearly two years later, on May 12, 1982, plaintiff accepted an agreement for reinstatement negotiated between the Company and the Union. The Company subsequently rejected the agreement. Plaintiff was notified of the rejection on May 18, 1982. She was not expressly notified that the Union would not pursue her grievance further. On January 14, 1983, she filed this action in the state court. It was subsequently removed to the federal district court. The district court granted defendants' motions for summary judgment on the grounds that the suit was untimely. The court also denied plaintiff's motion for a new trial. We affirm.
 
 
 3
 The Supreme Court recently held that section 301 actions for wrongful discharge and unfair representation must be brought within six months of when the cause of action accrued. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The DelCostello six-month limitation period applies retroactively to cases pending when DelCostello was decided. Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Plaintiff argues on appeal that this Court should reconsider its decision in Smith because the retroactive application of the limitations period is unduly harsh. However, this Court was aware of this consideration when it decided Smith, and has reaffirmed Smith in subsequent decisions. See Dowty v. Pioneer Rural Electric Cooperative, 770 F.2d 52 (6th Cir.), cert. denied, ---- U.S. ----, 106 S.Ct. 572 (1985); Adkins v. International Union of Electrical, Radio and Machine Workers, 769 F.2d 330 (6th Cir. 1985).
 
 
 4
 Plaintiff's second argument is that summary judgment was improper. Summary judgment is appropriate when, construing the pleadings most favorably to the nonmoving party, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bouldis v. U.S. Suzuki Motor Corp., 711 F.2d 1319, 1324 (6th Cir. 1983); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Plaintiff argues that a question of fact existed as to when she knew that the Union ceased to represent her in her grievance. The statute of limitations begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. Dowty v. Pioneer Rural Electric Cooperative, supra; Shapiro v. Cook United, Inc., 762 F.2d 49 (6th Cir. 1985). A question of fact exists concerning when plaintiff actually discovered the Union ceased to pursue her grievance. However, the limitations period begins to run when the plaintiff should have discovered the claim. An unfair representation cause of action accrues by operation of the collective bargaining agreement despite the plaintiff's lack of actual knowledge. Shapiro v. Cook United, Inc., supra. The plaintiff's ignorance of the terms of the collective bargaining agreement does not toll the limitations period. Shapiro v. Cook United, Inc., supra. In the present case, the collective bargaining agreement established a three-step grievance procedure. If the dispute remains unsettled after the second step, the union may take the matter to arbitration within five days. If the union fails to take timely action, the grievance is considered withdrawn. The first two steps were taken in plaintiff's case. Plaintiff rejected the collective bargaining committee's proposal on June 27, 1980. The matter was not taken to arbitration and nothing more was done until May 12, 1982, when plaintiff accepted a second agreement negotiated between the Union and the Company. Plaintiff was informed that the Company rejected this agreement on May 18, 1982. Under Shapiro, the claim accrued in July, 1980, when by operation of the collective bargaining agreement, the Union should have taken the grievance to arbitration. Even if plaintiff's claim concerned the Union's second attempt to pursue the grievance in 1982, cf. Chambers v. United Steelworkers of America, 589 F.Supp. 39 (N.D. Ohio 1984), plaintiff's action was still untimely. See Adkins v. International Union of Electrical, Radio & Machine Workers, supra. At the latest, the claim accrued by operation of the collective bargaining agreement in May, 1982, when the Union failed to take the dispute to arbitration. Plaintiff's suit was filed almost eight months later on January 14, 1983. Therefore, plaintiff's suit was barred by the limitations period established in DelCostello.
 
 
 5
 Plaintiff also argues that the district court erred in failing to hold an evidentiary hearing to determine when plaintiff actually discovered the Union's failure to pursue her grievance, and Local Court Rule 17.k. is invalid as inconsistent with Federal Rule of Civil Procedure 59(a). As discussed above, no evidentiary hearing was required to determine the date of plaintiff's actual knowledge because her claim accrued as a matter of law when she should have discovered the Union's inaction. Plaintiff argues that Local Rule 17.k. conflicts with Fed.R.Civ.P. 59(a) because Rule 17.k. establishes stricter grounds for granting a new trial or rehearing. Assuming that this is true, plaintiff has shown no prejudice by operation of the local rule. Plaintiff's motion for a new trial did not raise any new issues but merely stated that the district court erred as a matter of law. This ground for relief had no merit irrespective of the operation of Local Rule 17.k.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).