Jose **SHAPIRO**, Plaintiff-Appellant,

v.

**COOK UNITED, INC.,** International **Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local No. 507,** Defendants-Appellees.

No. 83–3087.

United States Court of Appeals, Sixth Circuit.

Submitted April 11, 1985.

Decided May 17, 1985.

James M. Mancini, Lyndhurst, Ohio, for plaintiff-appellant.

Frank W. Buck, Duvin, Flinker & Cahn, Douglas Paul, Chattman, Moss, Chattman, Garfield & Friedlander, Cleveland, Ohio, for defendants-appellees.

Before MERRITT and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

This Ohio plaintiff appeals from a district court judgment dismissing his hybrid § 301, Labor Management Relations Act, 29 U.S.C. § 185, suit for being filed beyond the three-month statute of limitations provided under Ohio law. 557 F.Supp. 127. The district court concluded that the three-month time period applied pursuant to *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982). It also determined that the employer's decision to deny the grievance became final and binding on the plaintiff thirty days after it was denied at a grievance hearing held on July 8, 1981. Pursuant to the collective bargaining agreement, Article XIV, §§ 3 & 5, the decision became final when the union chose not to submit the grievance to arbitration within the thirty-day period following the grievance hearing. With the decision becoming final on August 7, 1981, the district court concluded that plaintiff's suit was untimely because he filed it on March 8, 1982, seven months after the employer's decision became final. In addition, the district court also concluded that the time period had not been tolled because the defendants had not fraudulently concealed any facts pertinent to plaintiff's cause of action.

On appeal, the plaintiff argues that a one-year Ohio time period should apply to his case. He also argues that he did not reasonably discover that his cause of action had accrued until several lawyers told him in January of 1982 that by the terms of the collective bargaining agreement the time had run for the union to take his case to arbitration. He, therefore, contends that it is unreasonable and erroneous to assume that he had notice of the accrual of his

cause of action by operation of the terms of the collective bargaining agreement.

Subsequent to the district court's dismissal of the plaintiff's suit, the Supreme Court decided that the six-month time period contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applied to control the timeliness of hybrid § 301 suits; *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); and, the Sixth Circuit has decided to apply this decision retroactively. *Smith v. General Motors Corp.,* 747 F.2d 372 (6th Cir.1984) (*en banc*).

In light of these developments, the issue in this case evolves into a two-fold inquiry: did plaintiff's cause of action accrue by operation of the collective bargaining agreement at the end of the thirty-day deadline for the union to submit plaintiff's grievance to arbitration; and, was the applicable six-month time period tolled under the equitable doctrine of fraudulent concealment. This Court concludes that the plaintiff's cause of action did, indeed, accrue by operation of the collective bargaining agreement, and that the time period was not tolled for any reason.

█ In addressing the question of when this six-month time period contained in § 10(b) of the NLRA started in *N.L.R.B. v. Allied Prod. Corp., Richard Bros. Div.,* 548 F.2d 644 (6th Cir.1977), this Court stated the general rule that the period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. *Id.,* at 650. See also *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 304 (7th Cir.1983) *cert. denied,* — U.S. —, 104 S.Ct. 976, 79 L.Ed.2d 214. In the instant case, the plaintiff should have reasonably discovered that his claim had accrued by operation of the collective bargaining agreement. Under similar circumstances, this Court expressly stated in *Badon v. General Motors Corp.,* 679 F.2d at 98, that an employer's decision will become final through the operation of the collectively bargained-for private system of dispute resolution. In another case on all fours with this one which involved a question of accrual of a § 301 suit, the Seventh Circuit ruled in *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d at 304, that the plaintiff should have reasonably discovered that his claim had accrued by operation of the collective bargaining agreement when the union decided not to take the matter to arbitration. Finally, in another context, this Court ruled in *Campbell v. Upjohn Co.,* 676 F.2d 1122, 1127 (6th Cir. 1982), that the plaintiff's ignorance of the change in a merger agreement, by itself, did not satisfy the requirement of due diligence and was not, therefore, sufficient to toll the statute of limitations.

█ In addition, it is clear that the plaintiff has not shown that the defendants fraudulently concealed any facts respecting the accrual or merits of his claims. In order to prove fraudulent concealment, the plaintiff must show that he failed to discover facts that serve as the basis of his cause of action despite due diligence on his part to discover the facts, and that the concealment was fraudulently committed by the party or parties sought to be held responsible by the plaintiff. *Diminnie v. United States,* 728 F.2d 301, 305 (6th Cir. 1984); *Campbell v. Upjohn Co.,* 676 F.2d at 1126–27; *Norton-Children's Hosp. v. James E. Smith & Sons,* 658 F.2d 440 (6th Cir.1981). Plaintiff argues that the defendants never told him that there was a thirty-day deadline to submit his grievance to arbitration, and that he never read the collective bargaining agreement. This argument is one that simply relies on his own ignorance of the expressed terms of his own collective bargaining agreement without any other indication that the union or the company possibly misled the plaintiff or fraudulently concealed something from the plaintiff. Under these circumstances, it is clear that his ignorance does not constitute due diligence to discover the operative facts of his claims. *Campbell v. Upjohn Co.,* 676 F.2d at 1126–1127.

For these reasons, this panel unanimously agrees that oral argument is not neces-

sary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed for the aforementioned reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.