779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WENDELL MELVIN, Plaintiff-Appellant,
v.
LOCAL UNION NO. 436, INTERNATIONAL BROTHERHOOD OF TEAMSTERS;
CEMENT DIVISION, NATIONAL GYPSUM COMPANY;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
Defendants-Appellees.
 83-3674
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 N.D.Ohio
 On Apeal From the United States District Court for the Northern District of Ohio
 BEFORE: KEITH and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Wendell Melvin, appeals from a district court order granting summary judgment for the defendants, Local Union No. 436, the International Brotherhood of Teamsters, and the Cement Division, National Gypsum Company. Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, plaintiff filed charges of unfair representation against the unions and a charge of wrongful discharge against National Gypsum approximately four months after the claim arose. The defendants moved for summary judgment on the ground that plaintiff's claims were time barred under the three month statute of limitation for Ohio Revised Code Sec. 2711.13. On February 18, 1983, the district court granted the defendants' motions and dismissed plaintiff's complaint as untimely.
 
 
 2
 For the reasons set forth below, we reverse the district court judgment dismissing the plaintiff's claim against National Gypsum and the Local Union, but affirm dismissal of the claims against the International Union.
 
 
 3
 In Del Costello v. Teamsters, 462 U.S. 151 (1983), the Supreme Court held that the statute of limitation applicable to hybrid Section 301/fair representation claims is the six month period provided in Sec. 10b of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). In Smith v. General Motors, 747 F.2d 372 (6th Cir. 1984), this Court held that DelCostello is to be applied retroactively. See also Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir. 1985). As plaintiff filed his complaint within five months after the claim arose, we reverse the judgment dismissing as untimely petitioner's claims against the Local Union and National Gypsum.
 
 
 4
 In our view, the district court's order dismissing petitioner's claims against the International Union should be affirmed on the ground that plaintiff failed to establish that an agency relationship or exceptional and direct involvement existed between the Local Union and the International Brotherhood of Teamsters. See Barefoot v. International Brotherhood of Teamsters, 424 F.2d 1001, 1004 (10th Cir.), cert. denied, 400 U.S. 950 (1970). Absent a showing that the International Union can be held responsible for actions of Local Union No. 436, the International Union cannot be held as a defending party in this action. Carbon Fuel Co. v. Mineworkers, 444 U.S. 212, 218 (1979).
 
 
 5
 Accordingly, the petitioner's claims against the Local Union and National Gypsum are remanded for further proceedings and the judgment of the district court dismissing the International Union as a party is affirmed.