786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES DOZIER, Plaintiff-Appellant,
v.
NABISCO, INC.; BAKERY DRIVER'S UNION LOCAL 52, Defendants-Appellees.
 84-3526
 United States Court of Appeals, Sixth Circuit.
 2/18/86
 N.D.Ohio
 AFFIRMED
 ORDER
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges and BERTELSMAN, District Judge.*
 
 
 2
 This Ohio plaintiff appeals from a summary judgment dismissing his suit alleging breach of contract and breach of duty of fair representation under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The district court dismissed the suit for being untimely and because the plaintiff did not attempt to exhaust his bargained-for remedies.
 
 
 3
 Plaintiff alleged that he was improperly and illegally suspended in August of 1979 and finally discharged from his job with the defendant-company in December of 1979 without just cause in violation of the collective bargaining agreement. Plaintiff alleged that the defendant-union failed to pursue his grievance contesting his suspension and discharge. As a result of the defendant's actions, the plaintiff also alleged that he was unable to defend himself because he was without sufficient funds. In its motion for summary judgment, the company asserted that the filing of felony charges against the plaintiff was sufficient just cause to warrant suspension under Article Eight, Section B of the Collective Bargaining Agreement, and that the felony conviction on the charges was likewise sufficient to warrant permanent discharge under the same section. The union asserted in its motion for summary judgment that the plaintiff never requested it to pursue a grievance regarding his suspension or discharge. Pursuant to Article Eleven, Section B of the Collective Bargaining Agreement, if an employee dislikes a decision regarding his employment, he is required to submit his complaint in writing to both the union and corporate representatives in order to initiate the grievance machinery. Both defendants disavowed in their motions for summary judgment as having received any such complaint from the plaintiff. The union also submitted evidence establishing that the plaintiff stopped paying his union dues in August of 1979, and that a withdrawal card was issued to the plaintiff and entered on the union's books on or about October 1, 1979. The plaintiff filed a brief and affidavit in response to the motions for summary judgment. In addition to relying upon Ohio law for his arguments concerning accrual and tolling of the statute of limitations, plaintiff also insisted that the union fraudulently concealed from him the fact that he had certain rights and remedies which he could have pursued had he known of their existence at the time of his discharge. In his affidavit, the plaintiff stated that he had been advised by his job-supervisor that it would be safer for everyone concerned if he would stay away from work pending disposition of the criminal charges filed against him. Plaintiff also stated that a union representative repeatedly told him over the phone that there was nothing the union could do to help him and that he would have to be on his own. Although he expected to be advised of his rights and remedies, plaintiff asserted that the union never did advise him of his rights and remedies or of the procedures necessary to initiate the grievance process. Thereafter, the plaintiff was finally discharged from his job on December 7, 1979. He filed the instant lawsuit three and one half years later on February 16, 1983.
 
 
 4
 Upon review of the arguments presented by the parties in their appellate briefs, this Court concludes that the district court properly entered summary judgment for the defendants. It is now, of course, settled that the six month time period contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), is the applicable time period to determine the timeliness of hybrid Sec. 301 suits. DelCostello v. Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Contrary to the plaintiff's argument, federal law and not state law governs questions concerning the accrual of the plaintiff's cause of action and possible tolling of the statute of limitations. See DelCostello v. Teamsters, supra, 462 U.S. at 159 n.13; Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456-57 (1957); Santos v. District Counsel of New York City, ETC., 619 F.2d 963, 968 (2d Cir. 1980). Cf. Macon v. ITT Continental Baking Co., ---- F.2d ----, slip op. 83-3197 pp. 10-11 (6th Cir. December 23, 1985); Carruthers Ready-Mix v. CMLU, No. 520, ---- F.2d ----, slip op. 83-5465 pp. 3-4 (6th Cir. December 18, 1985). A claim accrues and the time starts to run under Sec. 10(b) when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. See Adkins v. Intern. Union of Elec., Radio & Mach., 769 F.2d 330, 335 (6th Cir. 1985), and cases cited therein.
 
 
 5
 In this case, plaintiff's cause of action clearly accrued, at the latest, in December of 1979 well before six months prior to the filing of plaintiff's suit on February 18, 1983. On December 7, 1979, the plaintiff was permanently discharged from his job with the defendant-company, following his conviction and sentencing. According to the plaintiff, by this time, the plaintiff's requests for assistance from his company and union had been repeatedly denied. Although he had expected some help, plaintiff states that he was informed by a union representative that there was nothing the union could do to help him. Indulgently construing the record for the plaintiff, the non-moving party in the district court, this Court concludes that the plaintiff did know or reasonably should have known with due diligence by December of 1979 the acts which now allegedly constitute a violation of his rights. Adkins v. Intern. Union of Elec. Radio & Mach., supra, 769 F.2d at 335.
 
 
 6
 Contrary to the plaintiff's arguments, the Court also concludes that the time period was not tolled for any reason. Plaintiff's ignorance of the availability of his rights and remedies is not a bar to the accrual of his cause of action nor did it cause the running of the time period to be tolled. See Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir. 1985), and cases cited therein. In fact, in light of the filing of criminal felony charges and the resulting felony conviction on the charges, plaintiff's own charges of bad faith against the union appear to be quite attenuated. Even absent the felony charges, a union's refusal to act does not evince the prerequisite bad faith to warrant tolling; nor does it sufficiently allege a cause of action under Sec. 301, 29 U.S.C. Sec. 185. See Ruzicka v. General Motors Corp., 649 F.2d 1207, 1212 (6th Cir. 1981).
 
 
 7
 Finally, while this is, indeed, an unsubstantial appeal, the Court concludes that the company's request for costs and attorney fees under Rule 38, Federal Rules or Appellate Procedure, should be denied. The legal landscape in this area has changed so much in the last year that it cannot be said with certainty that plaintiff's appeal, noticed in June of 1984, concerned issues already clearly resolved, or that it was taken for purposes of delay. Cf. Martin v. C.I.R., 750 F.2d 38, 40-41 (6th Cir. 1985).
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit; and, the company's request for costs and attorney fees under Rule 38 is hereby denied.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation