802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Joe DAVIS, Plaintiff-Appellant,
v.
RYDER TRUCK LINES, INC.; Truck Drivers, Chauffeurs and
Helpers, Local Union No. 100; Larry Middleton;
Don Bradfield; John Doe, et al.,
Defendants-Appellees.
 No. 85-3268.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff William Joe Davis (the plaintiff) appealed the district court's judgment dismissing his action against the defendant Ryder Truck Lines, Inc. (Ryder) and the defendant Local Union No. 100 of the Truck Drivers, Chauffeurs and Helpers (the Union) pursuant to Sec. 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185.
 
 
 2
 The record disclosed the following facts. The plaintiff filed a grievance charging that his discharge from Ryder for alleged dishonesty in falsifying time cards was without just cause. During the course of the processing of the plaintiff's grievance, Ryder's labor relations representative conferred with the employer chairman of the regional grievance committee, which was composed equally of employer and union representatives, to discuss the plaintiff's grievance. Approximately a year after the committee's denial of his grievance, the plaintiff filed suit in district court charging, inter alia, that Ryder had discharged him wrongfully and that his grievance was tainted by unfairness. Upon motion of the defendants and after an evidentiary hearing, the district court concluded that the plaintiff had not filed suit within the 90-day statute of limitations period which governed Sec. 301 actions at that time, The district court found that the discussion of pending grievances by employer and union representatives and committee members was a customary, open, and acknowledged custom and practice throughout the industry generally under the terms of the national collective bargaining agreement and sanctioned as a valuable settlement procedure and that the meeting in the plaintiff's case therefore provided no basis for tolling the 90-day statute of limitations.
 
 
 3
 On appeal the plaintiff contended that he was not aware of the industry practice or the particular meeting at which his grievance was discussed until February of 1982, less than a month prior to his filing of this action, allegedly due to Ryder's fraudulent nondisclosure, thereby tolling the limitations period. This court initially notes that the relevant statute of limitations for Sec. 301 actions is now recognized as six months, a time period borrowed from Sec. 10(b) of the National Labor Relations Act (NLRA) pursuant to the Supreme Court's decision in DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and not the 90 day limitation period applied by the district court. However, the plaintiff having failed to file his action within either the 90 day limitation period in effect at the time of the district court decision or the subsequent six month limitation period mandated by DelCostello, which decision is applied retroactively within this circuit,[1] his claim was nevertheless untimely filed unless he can prove that the statute of limitations was tolled by Ryder's alleged fraudulent concealment.
 
 
 4
 The general rule is that the six-month time period incorporated into Sec. 10(b) of the NLRA is counted from the date when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the challenged conduct. Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir. 1985). In order to toll the appropriate limitations period, the plaintiff must prove that he had not discovered the facts that served as the basis of his cause of action despite due diligence on his part to discover the facts and that the defendants were guilty of fraudulent concealment. Id. See also Demars v. General Dynamics Corp., 779 F.2d 95, 96-99 (1st Cir. 1985).
 
 
 5
 This court is in agreement with the reasoning expressed by the district court in its opinion that the plaintiff failed to prove that under the circumstances evidenced by this record the defendants fraudulently concealed facts from the plaintiff so as to support a tolling of the statute of limitations. See Davis v. Ryder Truck Lines, 97 Lab. Rel. Cas. (CCH) p10,027 (S.D. Ohio 1982). Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 See Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984)(en banc)