886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ludie MARSH, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, CLEVELAND CASTING PLANT; United Auto
Workers Union, Local 1250; Noble Cylar, Local
1250; Dennis Lapos, Local 1250,
Defendants-Appellees.
 
 No. 89-3111.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ludie Marsh appeals the dismissal of his hybrid Sec. 301 action as barred by the applicable statute of limitations. Marsh alleged that he was fired unfairly in 1982. A union grievance based upon the firing was resolved between the union and employer in November 1984. The district court concluded that plaintiff's complaint filed in January 1989 was barred and dismissed it sua sponte as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Upon consideration, we conclude that the dismissal was proper.
 
 
 3
 Clearly, the six-month statute of limitations under 29 U.S.C. Sec. 160(b) governs plaintiff's action. See McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1236 (6th Cir.1987); Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985) (per curiam). The claim accrues when plaintiff discovers or reasonably should have discovered an alleged violation. See McCreedy, 809 F.2d at 1236; Shapiro, 762 F.2d at 51. Although plaintiff contends that he did not learn of the November 1984 disposition of his grievance until July 1988, plaintiff offers no explanation for his failure to inquire before then. Further, plaintiff offers no factual basis for the application of the doctrine of fraudulent concealment beyond his own lack of due diligence. See Shapiro, 762 F.2d at 51. Dismissal of plaintiff's complaint based upon the affirmative defense of the statute of limitations was proper because it is obvious from the face of the complaint. See Yellen v. Cooper, 828 F.2d 1471, 1475-76 (10th Cir.1987).
 
 
 4
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.