907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric YATES, Plaintiff-Appellant,
v.
MEMPHIS BAKERY EMPLOYERS ASSOCIATION; Continental Baking
Company; ITT Continental Baking Company, Inc., & Bakery,
Confectionary and Tobacco Workers' International Union,
AFL-CIO-CLC Local 149, Defendants-Appellees.
 No. 89-6064.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges and JULIAN A. COOK, Jr., District Court Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Eric Yates appeals the district court's dismissal of plaintiff's hybrid section 301/fair representation action, 29 U.S.C. Sec. 185 (1978), against his employer, Continental Baking Company, and union, Bakery, Confectionary & Tobacco Workers International Union, Local 149. The district court held that the action is barred by the applicable six month statute of limitations borrowed from section 10(b) of the National Labor Relations Act (N.L.R.A.), 29 U.S.C. Sec. 160(b) (1973).
 
 
 2
 We agree with the district court that plaintiff, through reasonable diligence, should have discovered his claim more than six months prior to the filing of this suit and, therefore, we shall affirm the judgment of dismissal.
 
 I.
 
 3
 Plaintiff was terminated from his employment with Defendant Continental Baking Company on July 5, 1986 for allegedly sleeping on the job. Plaintiff protested his discharge and the union filed a grievance with the employer on plaintiff's behalf. The grievance was denied and, in November 1986, Continental's personnel manager sent a letter to the union stating the company's position that the discharge was justified.
 
 
 4
 On August 20, 1986, plaintiff demanded that the union seek arbitration, the remaining procedure available to the union under the collective bargaining agreement. The union never took plaintiff's grievance to arbitration. Instead, in February 1987, the union's arbitration committee met to review plaintiff's case and on February 24, 1987 wrote to plaintiff as follows:
 
 
 5
 [T]he arbitration committee was unable to reach a decision on your case.... The facts of your case will be presented to our attorney. AFter he has reviewed them, he will give us his opinion of our chances in arbitration and we will contact you at that time.
 
 
 6
 The union never contacted plaintiff or took any further action.
 
 
 7
 Plaintiff's discovery testimony indicates that as early as October 1986, plaintiff believed he was "getting the runaround" from the union; that is, he felt the union was not working for him. He even consulted an attorney in February 1987.
 
 
 8
 On September 14, 1987, and again on November 4, 1987, plaintiff sent a letter to the union by certified mail requesting its decision on the arbitration question. Plaintiff did not receive a response from the union or an acknowledgment of receipt of his letter.
 
 
 9
 On March 4, 1988, plaintiff filed this hybrid section 301 action, 29 U.S.C. Sec. 185 (1978), against Continental for wrongful discharge in violation of the collective bargaining agreement and against the union for failing to seek arbitration in breach of its duty of fair representation.
 
 
 10
 In their answers to plaintiff's complaint, both defendants raised the statute of limitations defense. They later brought separate motions for summary judgment pursuant to Fed.R.Civ.P. 56, contending that plaintiff's hybrid section 301 action is time barred by the six month limitation period set forth in section 10(b) of the N.L.R.A., 29 U.S.C. Sec. 160(b) (1973).
 
 
 11
 Plaintiff contended his claim was timely filed since he first became aware of a possible section 301 claim after the union failed to respond to his September 14, 1987 letter and, therefore, his March 4, 1988 complaint was filed within the applicable six month statutory period.
 
 
 12
 Following a hearing, the district court granted summary judgment to defendants finding plaintiff's claim was time barred. The district court found that plaintiff knew or, acting with reasonable diligence, should have known about his section 301 cause of action before September 4, 1987, the date six months prior to the filing of his March 4, 1988 action. The court reasoned:
 
 
 13
 [P]laintiff allowed nearly seven months of Union inactivity before inquiring further about the status of his case. This cannot be said to be the "exercise of reasonable diligence." To toll the running of the statute of limitations until the writing of the September, 1987 letter would be to allow plaintiff to set his own statute of limitations....
 
 
 14
 In light of plaintiff's testimony that he felt the Union was giving him the "run-around," the Union's inactivity after the February 24, 1987 letter should have put him on notice of his claim against the Union. It is inexcusable for plaintiff to wait nearly seven months to inquire about the Union's proposed action. The Court finds that plaintiff should have been aware of his section 301 claim shortly after the Union wrote the February 24, 1987 letter and then proceeded to do nothing.
 
 
 15
 It is settled that a hybrid section 301/fair representation action is governed by the six month limitations period found in section 10(b) of the N.L.R.A., 29 U.S.C. Sec. 160(b) (1973). DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 155 (1983). Thus, a plaintiff must file his hybrid section 301 action within six months from the date in which his cause of action accrued.
 
 
 16
 This Court has held that '[a] claim accrues under section 10(b) when the claimant discovers, or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violation.' Adkins v. International Union of Elect., Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir.1985) (citing Shapiro v. Cook United, Inc, 762 F.2d 49, 51 (6th Cir.1985)).
 
 
 17
 McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1236 (6th Cir.1987).
 
 
 18
 In denying plaintiff's motion to amend the order granting defendant's summary judgment, the district court quoted from its prior order and reiterated "that a reasonably prudent claimant would have discovered plaintiff's claim shortly after the February 24, 1987 letter and as such, summary judgment was properly granted in favor of defendant[s]." Plaintiff's claim is barred by the applicable statute of limitations.
 
 II.
 
 19
 We AFFIRM the award of summary judgment in favor of defendants for the reasons set forth in the district court opinion.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation