**Thomas James KILBANE, Plaintiff,**

v.

**FORD MOTOR COMPANY and the International Union, United Automobile, Aerospace and Agricultural Workers of America, Local No. 1250, Defendants.**

No. C83–3484.

United States District Court,
N.D. Ohio, E.D.

Sept. 14, 1990.

Mark A. Kaiser, Kaiser & Shattuck, Painesville, Ohio, for plaintiff.

William Michael Hanna, Squire, Sanders & Dempsey, Cleveland, Ohio, George F. Lynch, Squire Sanders & Dempsey, Miami, Ohio, for Ford Motor Co.

Robert M. Phillips, Landskroner & Phillips Co., Cleveland, Ohio, for Local 1250 Intern. Union.

## ORDER

LAMBROS, Chief Judge.

Before the Court comes defendant Ford Motor Company's (Ford) motion for summary judgment. Plaintiff Thomas James Kilbane (Kilbane) opposes the motion.

Kilbane initiated this wrongful discharge action in the Common Pleas Court for Cuyahoga County, Ohio on July 29, 1983. Ford subsequently filed a petition for removal pursuant to 28 U.S.C. § 1446 to this Court on August 22, 1983. Pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, plaintiff brings this action against Ford for breach of the Collective Bargaining Agreement and against defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1250 (Union) for unfair representation due to his discharge on September 12, 1977. Kilbane seeks reinstatement, back pay and damages. Ford contends that plaintiff's claim is barred by the statute of limitations. For reasons which follow, the motion is granted.

## BACKGROUND

Kilbane worked for Ford until September 12, 1977, when his employment with the company terminated. Plaintiff immediately filed a grievance with the Union contesting his discharge. Thereafter, until late February or early March of 1983, Kilbane regularly contacted Union officials inquiring about the status of his grievance. The grievance was denied in the second step on

November 11, 1977, and was appealed by the Union to the third step on December 6, 1977. On July 25, 1980, the grievance was withdrawn by the Union.

During his pending grievance, plaintiff received health insurance under the company's Blue Cross Group Health Insurance policy. Beginning September of 1977, each month Kilbane's wife, Valerie sent to a cashier at Ford a check to pay for their monthly Blue Cross group coverage. On December 27, 1982, Mrs. Kilbane forwarded their final payment. In a letter dated December 13, 1983 regarding Kilbane's eligibility for Group Coverage by Blue Cross, Peter M. Dunham, of Ford's Labor Relations Representative for Cleveland Engine Plant 1, wrote: "Subject employe [sic] was discharged in 1977. His grievance protesting the discharge is settled and closed. This individual is no longer eligible for group rate Blue Cross coverage." Ford maintains that this letter was written in 1982, and due to an inadvertent typographical error, was date 1983. On January 21, 1983, Ford wrote another letter to Kilbane stating: "In accordance with the attached letter from Labor Relations Blue Cross will be informed that your final self-pay insurance through Ford Motor Co. is January 1983." Ford informed plaintiff on December 13, 1982 and again January 21, 1983 that his grievance protesting the discharge was settled and closed.

### DISCUSSION

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, and affidavits do not raise a genuine issue of material fact for trial. Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[T]his standard provides that the mere existence of *some* alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact.*" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

■ When presented with a summary judgment motion, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986), *quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). On summary judgment, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The Court must turn to the substantive law in determining which facts are material. *Id.*

### STATUTE OF LIMITATIONS

■ A suit by an employee against a union for breach of the duty of fair representation and an employer under § 301 of the Labor Management Relations Act [1] for breach of the collective bargaining agreement are inextricably interdependent. "To prevail against either, the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of the duty by the Union." *Hines v. Anchor Motor Freight*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976). Because these cases are not expressly governed by any federal statute of limitations, the appropriate statute of limitations to apply to this section 301/fair representation claim has been the subject of dispute.[2]

---

1. § 301(a), 29 U.S.C. § 185(a):

   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect

to the amount in controversy or without regard to the citizenship of the parties.

2. Until *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), federal courts generally applied state statute of limitations to these federal claims. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732

The Supreme Court, in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), clarified the appropriate treatment of this issue. *DelCostello* involved a suit arising out of a discharge by the terminated employee against the employer and the union. The employee alleged that his discharge was in violation of the collective bargaining agreement and that the union had not represented him fairly in the grievance procedure. *Id.* at 155–56, 103 S.Ct. at 2285–86. The district court applied Maryland's 30–day statute of limitations for actions to vacate arbitration awards to both the claim against the employer and the claim against the Union. *Id.* With respect to the appropriate statute of limitations to apply in these actions, the Supreme Court stated:

> In *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56 [101 S.Ct. 1559, 67 L.Ed.2d 732] (1981), we held that a similar suit was governed by a state statute of limitations for vacation of an arbitration award, rather than by a state statute for an action on a contract. We left two points open, however. First, our holding was limited to the employee's claim against the employer; we did not address what state statute should govern the claim against the union. Second, we expressly limited our consideration to a choice between two *state* statutes of limitations, we did not address the contention that we should instead borrow a federal statute of limitations, namely, § 10(b) of the National Labor Relations Act, 29 U.S.C. § 1960. These cases present these two issues. We conclude that § 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union.

*DelCostello*, 462 U.S. at 154, 103 S.Ct. at 2285 (emphasis in original) (footnotes omitted). Accordingly, the statute of limitations to be applied in the present case is the six month statute of limitations provided by section 10(b) of the National Labor Rela-

tions Act. *See Shapiro v. Cook United Inc.*, 762 F.2d 49 (6th Cir.1985).

Upon receipt of the December 13, 1982 letter from Mr. Dunham, Kilbane should have reasonably known that a breach of the duty of fair representation had occurred. Kilbane filed this action on July 31, 1983, over seven months later. Since plaintiff failed to timely initiate this § 301 action, his claims for relief from defendants are barred by the six months statute of limitations.

Accordingly, Ford's motion for summary judgment is granted. This action is terminated and dismissed.

IT IS SO ORDERED.

(1981); Note, *Limited Reach of DelCostello v. International Brotherhood of Teamsters: A Stat-* *ute of Limitations Analysis in LMRDA Title I Actions,* 56 Fordham L.Rev. 227 (1987).