951 F.2d 349
 142 L.R.R.M. (BNA) 2704
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric EDWARDS, Plaintiff-Appellant,
v.
The NATIONAL POST OFFICE MAIL HANDLERS, WATCHMEN, MESSENGERS
AND GROUP LEADERS DIVISION OF THE LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA, AFL-CIO, LOCAL 304; National Post
Office Mail Handlers, Watchmen, Messengers and Group Leaders
Division of the Laborers' International Union of North
America, AFL-CIO; The United States Post Office,
Defendants-Appellees.
 No. 91-3484.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1991.
 
 Before BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Eric Edwards appeals from the district court's summary judgment in favor of defendants United States Post Office and the National Post Office, Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborer's International Union of North America, AFL-CIO Local Union 304 (collectively "defendants" or "Union"). The district court concluded that Edwards' state law claims were preempted by section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), and time-barred under the six-month statute of limitations applicable to actions of this kind.
 
 
 2
 Edwards presents no facts to rebut this conclusion other than his claim that he never received actual notice from the Union and that he relied on the Union's representations. However, actual notice is not required, see Chrysler Workers Ass'n v. Chrysler Corp., 834 F.2d 573, 578 (6th Cir.), cert. denied, 486 U.S. 1033 (1987), and ignorance of the terms or time limits provided for in the collective bargaining agreement is no excuse. Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985) (per curiam). Nor can Edwards prove his allegations of bad faith on the part of the Union. At best, he states a claim of negligence against the Union for failure to pursue his grievance. However, negligence is not adequate grounds for a claim that a union has breached its duty of fair representation to its members. See Brown v. IBEW, Local Union 58, 936 F.2d 251, 255 (6th Cir.1991).
 
 
 3
 Defendant United States Post Office requests damages and double costs pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 due to the allegedly frivolous nature of Edwards' appeal. We conclude that this appeal is not so frivolous or contrary to controlling law to award sanctions.
 
 
 4
 Having carefully considered all of the arguments of counsel, and the briefs and joint appendix filed by the parties, we conclude that the district court did not err by granting the defendants' motion for summary judgment. Accordingly, we affirm for the reasons stated by the district court in its opinion filed April 30, 1991.