28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mark FOSTER, Plaintiff-Appellant,
v.
FOREST HILL DAIRY, International Brotherhood of Teamsters,
Inc., Defendants,
Dean Foods Company, and Brewery and Soft Drink Workers Local
Union No. 1196, Defendants-Appellees.
 
 No. 93-5891.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1994.
 Before: RYAN, Circuit Judge; KRUPANSKY, Senior Circuit Judge; and SPIEGEL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 In this appeal, the plaintiff, Mark Foster, challenges the district court's order granting summary judgment in favor of the defendants, Dean Foods Company and Brewery and Soft Drink Workers Local Union No. 1196. By its order, the district court dismissed the plaintiff's combined claim that his employer, Dean Foods, breached its contractual duty to him, in violation of 29 U.S.C. Sec. 185(a), and that his collective bargaining representative, Local No. 1196, breached its duty of fair representation, a cause of action commonly denominated a hybrid section 301/fair representation claim. The district court also dismissed the plaintiff's claim that the defendants discriminated against him in terms and conditions of employment, in violation of the Tennessee Human Rights Act, Tenn.Code Ann. Secs. 4-21-101, et seq. (Michie 1991).
 
 
 2
 The plaintiff's claims arise out of his discharge by Dean Foods in December 1990, for fighting with another employee. The plaintiff grieved the discharge through the defendant Local No. 1196, and on September 4, 1991, received a copy of the arbitrator's decision upholding the discharge. More than one year later, on October 1, 1992, the plaintiff initiated his hybrid section 301/fair representation claim.
 
 
 3
 It is settled that the six-month statute of limitations applicable to unfair labor practice charges, see 29 U.S.C. Sec. 160(b), applies to hybrid section 301/fair representation claims. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 171 (1983). The six-month limitations period "begins to run when the [employee] discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985). Given the plaintiff's delay of 13 months between his receipt of the arbitrator's opinion and initiation of his complaint, the plaintiff's claim clearly was time-barred.
 
 
 4
 The plaintiff argues, however, that the defendants' fraudulent concealment tolled the running of the statute of limitations. As we previously have held in the context of a hybrid section 301/fair representation claim, in order to successfully plead fraudulent concealment, the plaintiff must satisfy two criteria. First, he "must show that he failed to discover facts that serve as the basis of his cause of action despite due diligence on his part to discover the facts." Shapiro, 762 F.2d at 51. Second, he must demonstrate "that the concealment was fraudulently committed by the party or parties [he] s[eeks] to ... hold responsible." Id. After a careful review of the record, we agree with the district court that the plaintiff failed to satisfy either requirement.
 
 
 5
 We also agree that the district court properly dismissed plaintiff's discrimination claim as time-barred. Under Tennessee law, the plaintiff had a maximum of one year to bring his claim. See Bennett v. Steiner-Liff Iron & Metal Co., 826 S.W.2d 119, 121 (Tenn.1992). See also Tenn.Code Ann. Sec. 28-3-104(a) (Michie 1980). As with his hybrid section 301/fair representation claim, the plaintiff was required to exercise due diligence in discovering the factual basis of his claim. Teeters v. Currey, 518 S.W.2d 512, 517 (Tenn.1974). Accord Doe v. Coffee County Bd. of Educ., 852 S.W.2d 899, 904 (Tenn.App.1992), appeal denied (Tenn.1993).
 
 
 6
 For the foregoing reasons, we AFFIRM the district court's order.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation