41 F.3d 1508
 148 L.R.R.M. (BNA) 2640
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie K. SUMMERS, Plaintiff-Appellant,
v.
LOCAL 779 UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS
OF AMERICA, Defendant-Appellee.
 No. 94-5249.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Jesse K. Summers, proceeding pro se, appeals a district court judgment dismissing his complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Summers sued the United Rubber, Cork, Linoleum and Plastic Workers of America, Local Union No. 779 (The Union), alleging that it had breached its duty to represent him fairly and adequately during an arbitration hearing regarding a grievance Summers filed against his ex-employer for discriminatory discharge. Upon review of the defendant's motion to dismiss or in the alternative for summary judgment, as well as plaintiff's response, the district court dismissed the complaint for failure to state a claim upon which relief could be granted.
 
 
 4
 On appeal, Summers asserts the same claims. He also argues that the Union employee who represented him in this matter operated under a conflict of interest because he represented the Union in the plaintiff's discrimination suit against the Union, which was pending at the time.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Summers's complaint because, even if we accept his allegations as true, he undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Summers's claim that the Union breached its duty of fair representation during an arbitration hearing is barred by the statute of limitations contained in Sec. 10(b) of the National Labor Relations Act. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 155 (1983); Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 525 (6th Cir.1993); Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985) (per curiam). This is so because Summers did not file his complaint within six months after the date on which the arbitrator's decision became final. See, e.g., Robinson v. Central Brass Mfg. Co., 987 F.2d 1235, 1239-40 (6th Cir.), cert. denied, 114 S.Ct. 92 (1993); Shapiro, 762 F.2d at 51. Moreover, even if the suit is considered timely, Summers would not be entitled to relief as the Union's actions constitute mere negligence that did not rise to the level necessary to show that the union breached its duty of fair representation. See United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 372-73 (1990); Allen v. Allied Plant Maintenance Co., 881 F.2d 291, 297 (6th Cir.1989). The Union's failure to present the 1981 and 1986 grievance board opinions did not constitute a breach of its duty of fair representation because, given the different factual circumstances between those cases and Summers's case, it would not likely have brought about a different decision. See Walk v. P*I*E Nationwide, Inc., 958 F.2d 1323, 1325 (6th Cir.1992).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation