NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0075n.06
Filed: January 24, 2008

No. 06-4665

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRANDEN E. OVERSTREET, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MACK INDUSTRIES, INC.; STEVE | ) | NORTHERN DISTRICT OF OHIO |
| KEMP; TIM WEIDRICK; JOHN DOE; | ) | |
| BOB HAWKINS; TIM DAVIS; and | ) | |
| CONCRETE VAULT AND SEWAGE | ) | |
| SYSTEMS INSTALLERS UNION, Local | ) | |
| 20, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: NORRIS, GIBBONS, and ROGERS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Branden E. Overstreet brought

the instant hybrid § 301 action under the Labor Management Relations Act ("LMRA") against

defendants-appellees Mack Industries, Inc. ("Mack"), Concrete Vault and Sewage Systems Installers

Union, Local 20 (the "Union"), and certain named individuals both known and unknown. He also

asserted various state law claims. Following discovery, the district court granted the defendants'

motions for summary judgment, concluding that Overstreet's hybrid § 301 action was not filed within

the six-month statute of limitations. The district court dismissed Overstreet's remaining state-law

claims without prejudice, declining to exercise jurisdiction over those claims in light of its dismissal

1

of the only pending federal claim. On appeal, Overstreet argues that summary judgment was inappropriate because: (1) the district court failed to consider the doctrine of equitable tolling, the application of which would render his suit timely filed; (2) the district court erred by failing to grant his Fed. R. Civ. P. 56(f) motion requesting that the summary judgment order be held in abeyance pending further discovery; and (3) disputed issues of material fact preclude summary judgment in this case.

Having reviewed the parties' briefs and the applicable law, and having had the benefit of oral argument,[1] we reject Overstreet's second and third arguments on the basis of the district court's order granting defendants' motions for summary judgment. Therefore, we address only Overstreet's first argument: that the district court should have considered the doctrine of equitable tolling.

I.

The relevant facts are not in dispute. Overstreet's suit arises from Mack's decision to terminate his employment on September 27, 2004. Under the terms of the Collective Bargaining Agreement ("CBA") governing his employment with Mack, Overstreet had the right to file a grievance with the Union and challenge his termination. Overstreet neglected to do so, however, and instead, on April 7, 2005, filed the instant hybrid § 301 action against Mack, the Union, and certain individual representatives of each.

---

[1] The court granted the motion of counsel for appellant to waive oral argument. Initially, the motion was denied, but the court reconsidered it *sua sponte*, and granted it orally at argument, after counsel for appellant indicated he was ill and could not appear. Consequently, the court heard argument only from appellee.

Following discovery, the defendants moved for summary judgment. Overstreet filed a motion pursuant to Fed. R. Civ. P. 56(f) requesting that the district court refrain from ruling on defendants' motions pending further discovery. The district court denied the request and granted summary judgment in favor of defendants, concluding that Overstreet's hybrid § 301 action was time-barred. Overstreet timely appealed.

## II.

This court reviews the grant of summary judgment *de novo. DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). Summary judgment will be affirmed if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If, on the other hand, "a reasonable jury could return a verdict for the non-moving party," summary judgment for the moving party is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the district court's decision, this court draws all justifiable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.

Overstreet does not challenge the district court's finding that his causes of action against the Union and Mack accrued on September 27, 2005, or that his filing of a lawsuit on April 7, 2005—more than six months after the accrual date—renders his suit untimely filed.[2] *See DelCostello v. Int'l Bhd.*

---

[2]Although Overstreet does not raise the issue on appeal, there is an argument that the date of accrual as to Mack should be the date on which its termination decision became final and, as to the Union, the date on which the Union declined to pursue Overstreet's grievance further. The

*of Teamsters*, 462 U.S. 169-70 (1983) (applying six-month statute of limitations provided in § 10(b) of the National Labor Relations Act to hybrid § 301 actions brought under the LMRA). Instead, he argues that the district court should have applied the doctrine of equitable tolling and held his action timely filed.[3] Specifically, he argues that two circumstances operated to toll the running of the statute.

First, as to Mack, Overstreet claims that the Union's unilateral decision to intercede on his behalf with Mack's CEO would have "cause[d] any reasonable person to believe that action was being taken to challenge [his] just cause termination." We have recognized that the limitations period applicable to an employee's hybrid § 301 claim against his or her employer is tolled while that employee pursues remedies provided in the CBA as a means of resolving the parties' dispute. *See, e.g., Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1242-43 (6th Cir. 1993). Fundamental fairness requires such a rule because an employee is required to exhaust any remedies available under the CBA prior to filing suit in federal court. *Id.* at 1239; *see also Garrish v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005).

---

parties have not included a copy of the CBA in the record, and they disagree as to whether the CBA required Overstreet to file his grievance within three or five days of his termination. Even assuming Overstreet is correct that he had five days to file a grievance with the Union, his failure to do so resulted in accrual of his causes of action no later than October 2, 2004. Whether Overstreet's causes of action accrued on September 27 or October 2, 2004, however, makes no difference for this appeal because the latest point at which he could have timely filed his action was April 2, 2005, five days before he filed suit in district court.

[3] Mack correctly notes that the district court's failure to address the issue arises from the fact that Overstreet did not raise it until he requested to file a sur-reply brief including it – a request that was denied. We choose to examine the issue on the merits rather than to decline to review it as not properly presented to the district court.

4

In the case before us, however, it is undisputed that Overstreet did not pursue any of his contractual remedies. Rather, he claims that the informal, extra-contractual action he alleges the Union took on his behalf served to toll the statute of limitations applicable to his cause of action against Mack. Putting aside the question of whether a union's attempt to utilize extra-contractual means of resolving an employee's grievance would justify application of the equitable tolling doctrine, Overstreet's argument fails at a more basic level. That is, at the same time he argues that the Union's conduct delayed his ability to resolve his dispute with Mack, he acknowledges that he neither requested the Union take these steps nor had any knowledge that the Union was doing so. In conceding as much, it defies logic for him also to claim that he conducted himself reasonably in delaying the filing of his hybrid § 301 action based on information of which he was ignorant. Thus, even if he could provide legal authority to support his position that a union's utilization of extra-contractual methods for resolving an employee's grievance could toll the statute of limitations, the facts of this case would not support application of such a rule here. Accordingly, the district court correctly concluded that his suit against Mack is time-barred.

Overstreet next contends that the statute of limitations as to his cause of action against the Union was tolled by the Union's failure to notify him of the requirement that he file a grievance within five days of his termination to preserve his rights under the CBA. This argument also fails. As an initial matter, a union member is generally responsible for knowing the contents of his collective bargaining agreement. *Robinson,* 987 F.2d at 1243 (citing *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir. 1985)). Moreover, this court has rejected an argument identical to that presented here:

5

> Plaintiff argues that the defendants never told him that there was a thirty-day deadline to submit his grievance to arbitration, and that he never read the collective bargaining agreement. This argument is one that simply relies on his own ignorance of the expressed terms of his own collective bargaining agreement without any other indication that the union or the company possibly misled the plaintiff or fraudulently concealed something from the plaintiff. Under these circumstances, it is clear that his ignorance does not constitute due diligence to discover the operative facts of his claims.

*Shapiro*, 762 F.2d at 51. Like the plaintiff in *Shapiro*, Overstreet offers only an allegation—disputed by the defendants—that he was never informed of his rights under the CBA. Our precedent makes clear that a plaintiff's failure to learn of his or her rights under a collective bargaining agreement cannot serve to toll the statute of limitations for a hybrid § 301 action against a union. Accordingly, the district court correctly concluded that Overstreet's suit against the Union is time-barred.

## IV.

As to the remaining two issues, the district court opinion quite adequately addresses them and our issuance of a reasoned opinion would serve no jurisprudential purpose. Accordingly, we affirm based on the reasoning of the district court in its order granting defendant's motions for summary judgment.

## V.

For the reasons provided, we affirm the district court's order granting summary judgment to the defendant.