CLAY, Circuit Judge,
concurring.
I concur with the result reached by the majority opinion because Hollingsworth’s own arguments before the district court concede that UAW’s failure to file a written grievance by May 2011 constituted its “final action.” I write separately to note that in the absence of that concession, I would find that the CBA did not adequately put Hollingsworth on notice that UAW’s failure to file a written grievance constituted its final action.
The appropriate question is whether Hollingsworth “should have reasonably discovered that his claim had accrued by operation of the collective bargaining agreement.” Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985). The majority opinion answers in the affirma *505 tive: the CBA outlines a rigorous multi-step grievance process with stringent deadlines, and UAW’s failure to file a writ-' ten grievance by the applicable deadline operated as the union’s final decision not to grieve Hollingsworth’s claim. Had Hollingsworth been an active employee, I would agree. But by its terms, the CBA’s grievance procedures do not apply to persons in Hollingsworth’s position — that is, former employees grieving Ford’s breach of a settlement agreement. The “First Stage” of the grievance process, for example, states that an aggrieved “employee” must “discuss the matter directly with.his/ her Supervisor or he may take it up with his District Committeeperson and Supervisor.” R. 19-2, at PagelD# 188-89 (beginning the “Initial Oral Discussion” phase of the grievance process). Hollingsworth was a former employee; he had no “Supervisor” or “District Committeeperson” to whom to submit his grievance.
UAW — not unlike Hollingsworth — has made concessions supporting this interpretation of the CBA. In its motion for summary judgment before the district court, UAW argued that “[a]s a retiree, [Holl-ingsworth] was no longer entitled to the grievance process allotted to active members of the UAW under the Collective Bargaining Agreement and the UAW Bylaws.” R.50, at PagelD# 868. UAWs brief before this Court likewise argues that “Hollingsworth is also not aware of any rights under the [CBA] that provides [sic] him the opportunity to file a grievance as a retiree.” Def.’s Br. at 10. And UAWs counsel reiterated this point at oral argument, stating “[t]here is no provision in the collective bargaining agreement that allows for a retiree to file a grievance.” Although these statements were made in the context of UAW’s argument that it had no duty to represent Hollingsworth because he is a retiree, the statements nevertheless work against UAW by implying that the CBA had no grievance procedure available to former employees. Thus, I disagree with the majority opinion’s reasoning and would find that a person in Hollingsworth’s position would not “have reasonably discovered that his claim had accrued by operation of the collective bargaining agreement.” Shapiro, 762 F.2d at 51.
In the absence of a grievance process identified to persons in his position, Holl-ingsworth reasonably relied on an alternative, ad hoc grievance procedure: first, he relayed his concerns to the union representative who had negotiated his wrongful termination settlement; second, he relied on that representative’s repeated assurances that the matter was being investigated.[2] Because the CBA did not set out any deadlines for resolving the grievances of former employees, Hollingsworth’s reliance on the representative’s assurances were reasonable. And as a'result of his reasonable reliance, Hollingsworth would not have known UAW had taken its “final action” — i.e., not filing a grievance on his behalf — until he received the letter from UAW stating as much in January 2013. At the very least, the lack of clarity in the CBA would make the reasonableness of Hollingsworth’s reliance on the UAW representative’s assurances an issue for the factfinder.
Unfortunately, in a brief before the district court, Hollingsworth himself conceded that the CBA’s strict deadlines operated to render UAW’s action “final” by May 2011. Indeed, in that brief, Hollingsworth adopts an interpretation of the CBA identical to *506 the one offered by the majority opinion today. See R.56, at PagelD# 1280-82. In light of that fact, I join the majority opinion in affirming the district court’s judgment on the basis that Hollingsworth’s claim is barred under § 301’s sixth-month statute of limitations.

. Any disputes of fact regarding what Holl-ingsworth requested during his initial discussion with the union representative, or the assurances the union representative made in return, should be reserved for trial.